ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Singleton Enterprises ) | ASBCA No. 58235 |
| ) | |
| Under Contract No. W912HN-09-C-0035 ) | |

APPEARANCE FOR THE APPELLANT:     Mr. Wayne Singleton
                                  President

APPEARANCES FOR THE GOVERNMENT:   Thomas H. Gourlay, Jr., Esq.
                                    Engineer Chief Trial Attorney
                                  Justin P. McCorcle, Esq.
                                    Engineer Trial Attorney
                                    U.S. Army Engineer District,
                                    Wilmington

OPINION BY ADMINISTRATIVE JUDGE CLARKE ON THE GOVERNMENT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves for dismissal for lack of jurisdiction under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109, arguing that appellant filed its appeal beyond the statutory 90-day appeal period. Appellant contends that the email attaching the final decision was ineffective to start the appeal period running and that it received the written final decision on 27 April 2012 making its appeal timely. We grant the government's motion and dismiss the appeal.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 30 July 2009, the government awarded Contract No. W912HN-09-C-0035 to Singleton Enterprises (appellant) for the Philpott Reservoir Sewer Improvements Project (R4, tab 4c).

2. By letter dated 10 November 2011, appellant requested a contracting officer's (CO's) final decision concerning claims for "differing site condition and additional requirement directed by the Government" (R4, tab 3a).

3. On 19 March 2012, CO John P. Mayo issued a final decision denying appellant's differing site condition claim in a letter addressed to appellant (R4, tab 2). The final decision included a complete statement of appeal rights (id.). The final decision was returned as undeliverable on 27 March 2012 (gov't mot., attach. 2, Cliff decl. ¶ 3).

Between 27 March 2012 and 11 April 2012 the government attempted to deliver the final decision to appellant by both electronic and written means but was unsuccessful[1] (gov't mot., attach. 1, Mayo decl. ¶¶ 4-7, attach. 2, Cliff decl. ¶¶ 4-8).

4. On 11 April 2012 at 5:35 pm, CO Mayo sent appellant a copy of the 19 March 2012 final decision via email (gov't mot., attach. 1, Mayo decl. ¶ 8, ex. A) stating in part:

> Attached is a copy of the Contracting Officer[']s Decision concerning your request for the equitable adjustment of Contract W912HN-09-C-0035. The decision was sent to you via US Mail on March 19 2012 and then again by registered mail on 3 April 2012 but both attempts were returned to our office due to the address being incorrect.
>
> Please verify your correct address, phone number, and your receipt of this email, as we have had difficulty contacting you.

(Gov't mot., attach. 1, Mayo decl. ¶ 8, ex. A)

5. On 12 April 2012 at 8:28 am, appellant responded by email stating:

> I have received your e-mail and attached Contracting Officer's Decision and Government Estimate Methodology. Our correct address is P.O. Box 129, Luthersville, GA 30259. Our correct phone number is 770-927-1618. The correct phone number for our project manager, Al Fox, is 404-964-2775.

(Gov't mot., attach. 1, Mayo decl. ¶ 9, ex. B)

6. On 27 April 2012, Mr. A.C. Fox, appellant's project manager, sent a letter to CO Mayo referring to the 11 April 2012 email:

> The Government's email of April 11, 2012 included the Contracting Officer's Decision dated March 19, 2012, as an attachment, and a settlement offer of $65,273.74, plus $2,043.16 previously denied, which would increase the referenced contract value to $1,400,478.90 after modification.

---

[1] The government does not contend that these attempts commenced the appeal period so we need not delve into the details of the transmissions as the government does in its motion.

In addition, that communication stated a revised contract completion date of December 13, 2012 with assessed liquidated damages of $69,300.00 currently withheld. In consideration of the offer we have thoroughly reviewed and analyzed the history of each delay, design defect and differing site condition, including cause, circumstances, corrective action and costs. For the record, we will discuss the facts before stating our position.

(App. supp. R4, tab 3 at 10)

7. By letter dated 12 July 2012, appellant filed an appeal of the CO's 19 March 2012 final decision with the Board (R4, tab 1). The envelope is postal meter stamped on "07/12/2012" and postmarked "13 JUL 2012" (gov't mot., attach. 5 at 1-3).

8. The government included a declaration by CO Mayo with its motion; paragraph 10 reads: "[h]aving received Mr. Singleton's confirmation that he received the COD, I did not make further attempts to mail a paper copy of the decision to Singleton Enterprises" (gov't mot., attach. 1).

9. In its "Position Regarding Timeliness of the Appeal," (opposition) appellant asserts that the copy of the final decision attached to the 11 April 2012 email was "corrupted" and could not be opened (app. opp'n at 6). Appellant also asserted that it received "the original COFD...on or about April 27, 2012" (app. opp'n at 7). Neither of these assertions is supported by evidence. On 5 February 2014 the Board ordered the parties to supplement the record with "all documentary or testimonial evidence supporting the parties' versions of the facts surrounding appellant's two assertions cited above" no later than 13 February 2014 (Bd. corr. file). The government responded on 13 February 2014 stating that it had no further evidence to submit (Bd. corr. file). Appellant did not respond to the Board's order.

## DECISION

The burden of proof is on appellant to establish that its appeal was timely filed; however, the government has the burden of proving the date the final decision was received. *John J. Kuqali General Contractor*, ASBCA No. 53979, 03-1 BCA ¶ 32,204 at 159,264. Mr. Singleton acknowledged receiving the 11 April 2012 email with the 19 March 2012 final decision attached, on 12 April 2012 (SOF ¶ 5). Such an acknowledgement of receipt serves to commence the running of the appeal time. *Kuqali*, 03-1 BCA ¶ 32,204 at 159,264. The government has met its burden. The CDA requires that an appeal of a CO's final decision be filed with the Board within 90 days after receipt. 41 U.S.C. § 7104(a). Under normal circumstances the 90-day period would

3

commence on the day after receipt or 13 April 2012 (Board Rule 33(b)). The 90-day period would therefore end on Wednesday, 11 July 2012. The appeal letter was metered 12 July 2012 and postmarked on 13 July 2012 (SOF ¶ 7). Under normal circumstances, the appeal would be late based on either date. Appellant, however, alleges two circumstances that are not "normal" and could change this result if proven. First appellant contends that the attachment to the 11 April 2012 email containing the final decision could not be opened (SOF ¶ 9). If proven, we might not consider acknowledgement of receipt of the email with final decision attached on 12 April 2012 to effectively commence the running of the 90-day appeal time. Second, appellant alleges that it received a written version of the final decision by letter on or about 27 April 2012 (*id.*). If this were proven, we would start the running of the 90-day appeal period on 28 April 2012 and the appeal would be timely. *AST Anlagen-und Sanierungstechnik GmbH*, ASBCA No. 51854, 04-2 BCA ¶ 32,712 at 161,836 (Where multiple copies of a final decision are received, absent some indication that an earlier version is intended to start the appeal period, the date of receipt of the last copy commences the appeal period.). Therefore, we must decide if appellant has proven either of these contentions by credible evidence.

Appellant failed to respond to the Board's order to supplement the record with evidence supporting its contentions (SOF ¶ 9). There is no mention of a "corrupted file" in either Mr. Singleton's 12 April 2012 acknowledgement of receipt (SOF ¶ 5) or Mr. Fox's 27 April 2012 letter (SOF ¶ 6). We would expect the inability to read the final decision to be mentioned. We cannot square the contemporaneous documents with appellant's unsupported contentions almost two years after the fact. We conclude that appellant has not provided the Board with any evidence that the file containing the final decision was corrupted and could not be opened.

Appellant did not produce credible evidence that the final decision was received on or about 27 April 2012. We are confronted with appellant's unsupported contention that it received a copy on or about 27 April 2012 and CO Mayo's testimony that after he received confirmation of receipt on 12 April 2012, he did not mail another copy to appellant (SOF ¶ 8). Appellant having failed to produce any evidence regarding receipt on 27 April 2012, we must fully credit CO Mayo's testimony.

4

## CONCLUSION

Appellant having failed to meet its burden of proof as to its two contentions, we find that the appeal is untimely. The appeal is dismissed with prejudice for lack of jurisdiction.

Dated: 24 March 2014

CRAIG S. CLARKE
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58235, Appeal of Singleton Enterprises, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals